Gid **HOLLINSWORTH** et al., D/B/A **Hollinsworth & Lee, Appellants,**

v.

**Cora K. BELL, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1958.

Charles W. Huddleston, Robert L. Dowell, Edmonton, for appellant.

Cecil Wilson, Glasgow, C. R. Walden, Edmonton, for appellee.

BIRD, Judge.

The plaintiffs, Gid Hollinsworth and Welby Lee, timbermen, entered into a contract with the defendant, Cora K. Bell, the pertinent part of which is in words and figures as follows:

"Witnesseth: That for and in consideration of the sum of Ten Thousand ($10,000.00) Dollars, cash in hand paid, the receipt of which is hereby acknowledged, the party of the first part does hereby sell and convey to the parties of the second part all the timber 14 inches and up, upon the fenced boundary upon the Newman Farm of first party in Metcalfe County, being situated Southwest of the dwelling house on said Newman Farm." * * *

It is contended by the plaintiffs that one C. J. Jessie was agent of defendant Bell and so misrepresented the boundary of timber involved that they were caused to buy and pay about $5,000 for timber that belonged to other persons. Plaintiffs sued for a restoration of that sum because of the misrepresentation of Jessie. Upon hearing the testimony offered by the plaintiffs the court, on defendant's motion, di-

rected a verdict for defendant Bell and entered a judgment thereon from which judgment the plaintiffs appeals. Was the evidence sufficient to take the case to the jury? That is the only question before us.

The only testimony in the case relative to the principal-agent relationship was that Jessie had told the plaintiffs and others that he was defendant Bell's agent during the negotiation and sale, and there was the direct evidence by Jessie that after the conclusion of the deal he had received $100 each from buyer and seller. Jessie was called as a witness by the plaintiffs and stated substantially that he was a self-selected intermediary trying to work up a deal out of which he might pick up a few dollars, and he states convincingly that he was in no way engaged by the defendant to show or sell her timber or to otherwise represent her. A portion of Jessie's statement is as follows:

"18. Did you go to Mr. Hollinsworth to try to get him to buy the timber, or did he come to you? A. Well, I went and told him about the timber, told him I believed it could be bought but Mrs. Bell never told me to do that though, but I did.

"19. After you had went to him, what did you do, did you go to Mrs. Bell? A. Yes. Somebody had told me she had said she might sell part of it, some of it, all of it, I don't know which.

"20. Did she authorize you then to show it to Mr. Hollinsworth? A. Well, I asked her if she cared for me showing Mr. Hollinsworth or anybody else that timber and she said she didn't know as she had any objections. She never told me to. She said it was all right if I wanted to. * * *

"23. After you talked with Mr. Hollinsworth and talked with Mrs. Bell and she authorized you to show it to them, what did you do then? A. Well, Mr. Hollinsworth told me he might, he might buy it if he could buy

it, and I went and saw her and she said, well, she wouldn't price it though but said well, let them look at it and she might price it. * * *

"116. She knew you were coming to see her for Hollinsworth and Lee, didn't she? A. That's right."

In a case almost identical in issue we held that proof of a similar nature was insufficient to establishment agency. Kirby v. Frith, Ky., 311 S.W.2d 799.

▋ Plaintiffs contend that, since defendant acquiesced in Jessie's misrepresentation and reaped the benefits therefrom, she ratified his act and is therefore liable to them for the loss sustained. The same contention was made in the Kirby case, supra, and we said as follows:

"The reasoning appearing in Stewart v. Mitchell's Adm'x, 301 Ky. 123, 190 S.W.2d 660, 662, controls the ratification issue. That case said: 'One cannot be held liable for fraud and deceit of another although some of the fruits were obtained by him where he was ignorant of the wrongful act at the time he accepted its benefits and merely retains what appeared to be the legitimate proceeds of the transaction involved.' The Stewart case also held that fraudulent conduct upon the part of an agent, where the principal was not a party to the deceit, may not be imputed retroactively to a principal merely because he seeks to enforce his legal rights under a contract the agent consummated."

Nothing in the record points to guilty knowledge, fraud, mistake or misrepresentation on the part of Mrs. Bell. There being no agency, neither fraud nor mistake on Jessie's part will be charged to her.

It is our conclusion that the plaintiffs failed to meet the burden of making a case and the trial court was correct in holding the evidence insufficient for submission to the jury.

The judgment is therefore affirmed.